# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Edward Johnson | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     Case No. 14-cv-08199 |
| | ) |
| Dino A. Di Paolo, et. al | )     Judge Sharon Johnson Coleman |
| | ) |
| | ) |
| | ) |
|     Defendants. | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

Saleem Mohammed and Asif Mohammed ("Saleem," "Asif," collectively, the "Mohammed Defendants") have brought a motion for summary judgment to dismiss Plaintiff Edward Johnson's ("Johnson") claims against them based on an allegedly wrongful eviction. For the following reasons, Defendants' motion for summary judgment [77] is granted in part and denied in part.

**Background**

The following facts taken from the Mohammed Defendants' Rule 56.1 statement of facts. Johnson failed to file his response which was due September 9, 2016, therefore these facts are uncontested and deemed to be admitted. LR 56.1(b)(3)(C).

At a judicial sale on September 27, 2013, Saleem successfully bid on a property located at 21178 Jim Johnson Court, Steger, Illinois (the "Steger Property"). On November 22, 2013, an order approving the sale in the Cook County Circuit Court was entered. The order provides that "[e]ffective 30 DAYS after the entry of this order[,] the Sheriff of Cook County is directed to evict and dispossess Lucius M. McGhee and Tanya L. McGhee from the [Steger Property]."

During winter 2014, the Mohammed Defendants went to the Steger Property and informed the man that answered the door that Saleem was now the owner of the property. The man did not

identify himself. On March 14, 2014, an attorney for Saleem provided the Cook County Sheriff's Office ("CCSO") with an eviction disclosure form. The form listed Lucius McGhee and Tanya McGhee as the occupants to be evicted from the Steger Property. The CCSO scheduled the eviction for May 15, 2014 at 8:00 a.m.

Asif arrived at the Steger Property on May 15, 2014 at 7:30 a.m. Saleem was not with Asif. At approximately 8:00 a.m., deputies from the CCSO went to talk to the occupants of the Steger Property. Shortly afterwards, a deputy had Asif sign a document providing that possession of the Steger Property had been tendered. The deputy then advised Asif that he could begin removing the occupant's personal property from the Steger Property. Asif moved all of the personal property to the adjoining garage. The occupant then moved the personal property into a U-Haul truck. The occupant, who the Mohammed Defendants later discovered was Johnson, obtained a stay of eviction on May 16, 2014 and was permitted to return to the Steger Property. Neither of the Mohammed Defendants knew or exchanged any money with the deputies who executed the eviction.

Johnson subsequently brought this action against the Mohammed Defendants, the CCSO, and multiple CCSO deputies.

**Legal Standard**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Where the non-moving party fails to respond to a motion for summary judgment, the Court accepts as true all material facts contained in the moving party's statement of undisputed material facts. *Johnson v. Gudmundsson*, 35 F.3d 1104, 1108 (7th Cir. 1994). Even if the non-moving party fails to respond to

the motion for summary judgment, the Court must still determine that judgment is proper as a matter of governing law. *Id.* at 1112.

**Discussion**

Johnson's second amended complaint asserts five claims against the Mohammed Defendants: a state law claim for intentional infliction of emotional distress (Count VII), a state law claim for conversion (Count VIII), a state law claim for conspiracy (Count X), an illegal search and seizure claim pursuant to 42 U.S.C. § 1983 (Count XI), and a state law claim for wrongful eviction/trespass (Count IX). Johnson also asserts six claims against the CCSO and the CCSO deputies which do not relate to the Mohammed Defendants and are not the subject of any dispositive motion before the Court.

*a. State Law Intentional Infliction of Emotional Distress (Count VII)*

Under Illinois law, a claim for intentional infliction of emotional distress ("IIED") requires that a plaintiff demonstrate that the defendant's conduct was extreme and outrageous; the defendant intended or knew that there was a high probability that his conduct would inflict severe emotional distress; and the defendant's conduct actually caused severe emotional distress. *Zoretic v. Darge*, 832 F.3d 639, 645 (7th Cir. 2016) (citing *Doe v. Calument City*, 641 N.E.2d 498, 506, 161 Ill. 2d 374 (1994)). Liability for IIED attaches only when conduct goes beyond all possible bounds of decency and does not extend to mere insults, indignities, threats, annoyances, petty oppressions or trivialities. *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 80-81, 207 Ill. 2d 263 (2003).

There is no evidence in the record that the Mohammed Defendants' actions that led to Johnson's eviction were outrageous and extreme; the evidence in the record leads to the opposite conclusion. The Mohammed Defendants hired an attorney for the purpose of providing the CCSO with the eviction disclosure form and months before the eviction, the Mohammed Defendants visited the Steger Property and introduced Saleem as the new owner of the Steger Property to the

3

man now known as Johnson. *Zoretic*, 832 F.3d at 645 (affirming summary judgment on an IIED claim where defendants executed an allegedly wrongful eviction and finding that consulting with an attorney was evidence that the defendants lacked the requisite intent to be liable for IIED and that their actions were not extreme and outrageous). The Court recognizes that evictions are rarely positive experiences, particularly where an unknowing occupant is evicted. There is no evidence, however, to support Johnson's allegation that the Mohammed Defendants intended to or knew that there was a high probability that their actions would cause severe emotional distress.

The Court finds that the Mohammed Defendants' actions were not extreme and outrageous and that there was no intent to inflict severe emotional distress. Therefore, summary judgment in favor of the Mohammed Defendants is appropriate as to Count VII.

*b. State Law Conversion (Count VIII)*

Johnson alleges that the Mohammed Defendants deprived him of his property including but not limited to money, furniture, concert tickets, household goods, clothing, and medical bills. To succeed on a claim for conversion under Illinois law, a plaintiff must show a right to the property in question, an unconditional right to immediate possession of the property, a demand for possession, and that the defendant wrongfully and without authorization assumed control over the property. *Van Diest Supply Co. v. Shelby Cnty. State Bank*, 425 F.3d 437, 439 (7th Cir. 2005) (citing *Cirrincione v. Johnson*, 703 N.E.2d 67, 70, 184 Ill. 2d 109 (1998)). The essence of conversion is not acquisition of property by the wrongdoer, but the exercise of control over the property in a manner inconsistent with plaintiff's right of possession. *Jensen v. Chicago and W. Ind. R.R. Co.*, 419 N.E.2d 578, 593, 94 Ill. App. 3d 915 (1981).

It is clear from the undisputed facts and evidence presented that the Mohammed Defendants did not possess any of Johnson's property in a manner inconsistent with Johnson's rights. Asif removed Johnson's personal property from the Steger Property to the adjoining garage

4

immediately after the CCSO executed the eviction. Johnson then moved all of the property into a U-Haul truck that he rented. Johnson was also permitted to reenter the Steger Property pursuant to the emergency stay of eviction. Furthermore, there is no evidence in the record that Johnson has made any other request for personal property from the Mohammed Defendants.

Johnson cannot show that the Mohammed Defendants wrongfully controlled his personal property because he took immediate possession of it, and he has not shown that he has demanded any other property from the Mohammed Defendants since then. Summary judgment in favor of the Mohammed Defendants on Count VIII is granted.

*c. State Law Conspiracy (Count X)*

Johnson claims that the Mohammed Defendants conspired with the CCSO to unlawfully evict him, use excessive force, intentionally inflict emotional distress, and deprive him of his due process rights, his right to equal protection under the law, his home, and his personal belongings. To succeed on a claim for conspiracy under Illinois law, a party must show an agreement between multiple people for the purpose of accomplishing either an unlawful purpose or a lawful purpose by unlawful means, and a tortious act by one of the co-conspirators in furtherance of the agreement that caused an injury to the party. *Borsellino v. Goldman Sachs Grp., Inc.*, 447 F.3d 502, 509 (7th Cir. 2007). Accidental, inadvertent, or negligent participation in a common scheme does not amount to conspiracy. *Chicago Title Ins. Co. v. Sinikovic*, 125 F. Supp. 3d 769, 781-82 (N.D. Ill. 2015) (Ellis, J.) (citing *McClure v. Owens Corning Fiberglas Corp.*, 720 N.E.2d 242, 258, 188 Ill. 2d 102 (1999)).

The Mohammed Defendants had no direct contact with the CCSO prior to Johnson's eviction. On the day of the eviction, Asif's communications with the deputies were limited to a brief discussion about the execution of the eviction order. Neither of the Mohammed Defendants knew that Johnson was occupying the Steger Property as he never identified himself to them. Furthermore, the Mohammed Defendants did not know about or encourage any of the CCSO

5

deputies' alleged actions towards Johnson while the deputies were inside the Steger Property. Nothing in the record suggests that the Mohammed Defendants knowingly and voluntarily participated in a common scheme to commit an unlawful act. *Mosley v. City of Chicago*, 614 F.3d 391, 399–400 (7th Cir. 2010).

The record does not contain any evidence of an agreement between the Mohammed Defendants and the CCSO deputies to deprive Johnson of his rights, therefore, summary judgment in favor of the Mohammed Defendants on Count X is appropriate.

*d. Illegal Search and Seizure (Count XI)*

Johnson, pursuant to 42 U.S.C. § 1983, brings a claim against the Mohammed Defendants for violating his Fourth Amendment rights to be free from illegal searches and seizures. Section 1983 claims are limited to actions under color of state law. *Proffitt v. Ridgway*, 279 F.3d 503, 507 (7th Cir. 2002). Only when a private citizen conspires with a state actor to deprive a plaintiff of her constitutional rights or if he temporarily becomes a public officer may his actions be brought within the scope of section 1983. *Id.* at 507-08 (citations omitted). Using the CCSO to effectuate an eviction is not state action under 1983. *Allen v. Chase Home Fin., LLC*, No. 10 C 8270, 2011 WL 3882814, *3 (N.D. Ill. Sept. 2, 2011) (Kendall, J.).

As discussed above, there is no evidence that the Mohammed Defendants conspired with the with the presumed state actors – the CCSO deputies – to deprive Johnson of any of his rights. The Mohammed Defendants did not temporarily become public officers. Finally, the Mohammed Defendants' use of the CCSO to evict the occupants in the Steger Property is not state action. *Allen*, 2011 WL 3882814 at *3. The Mohammed Defendants' actions do not rise to the level of state action, therefore, summary judgment in favor of the Mohammed Defendants on Count XI is appropriate.

*e. State Law Wrongful Eviction/Trespass (Count IX)*

Johnson brings a claim for wrongful eviction/trespass against the Mohammed Defendants as a result of an alleged violation of the Illinois Forcible Entry and Detainer Act, 735 ILCS 5/9-101 *et. seq.*, and the Illinois Mortgage Foreclosure Act. 735 ILCS 5/15-1701 *et. seq.* The Mohammed Defendants argue that Johnson cannot assert a claim for wrongful eviction because the decision to remove Johnson from the Steger Property was made solely by the CCSO. They do not, however, provide any support for this argument. The Court recognizes that although Johnson failed to file his opposition to the Mohammed Defendants' motion for summary judgment, it cannot turn a blind eye to the evidence before it. As it stands, there are still open questions related to the procedures the Mohammed Defendants employed to take possession of and evict Johnson from the Steger Property that preclude summary judgment, therefore, the Court denies the Mohammed Defendants' motion as to Count IX.

**Conclusion**

For the foregoing reasons, the Court grants the Mohammed Defendants' motion for summary judgment as to Counts VII, VIII, X, and XI, and denies the motion as to Count IX.

IT IS SO ORDERED.

SHARON JOHNSON COLEMAN
United States District Judge

DATED: November 4, 2016